J-S60022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSSELL WESLEY MOSS | |
| Appellant | No. 3605 EDA 2014 |

Appeal from the PCRA Order October 7, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002091-2002

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 17, 2015**

Russell Wesley Moss appeals from the order of the Court of Common Pleas of Delaware County that dismissed his second petition filed pursuant to the Post Conviction Relief Act.[1]  After careful review, we affirm.

On direct appeal, this Court summarized the underlying facts of the case as follows:

> In 1982, Ellen Lewis was shot and killed by Rodney Griffin. Griffin was subsequently convicted for the murder and sentenced to death.  During the investigation . . . Moss was suspected of being involved in the murder; however, prosecutors did not have sufficient evidence to charge [Moss] at that time.  During a 1998 PCRA evidentiary hearing in Griffin's case, Griffin confirmed to prosecutors that [Moss] had planned the murder and had hired or chosen him to carry it out.  [Moss] was arrested on May 9, 2002, and on July 29, 2003, he entered an open guilty plea to the charges of third degree murder and solicitation to commit

---

[1] 42 Pa.C.S. §§ 9541-9546.

murder. Subsequently, [Moss] was sentenced to a term of 8 to 20 years' imprisonment for third degree murder and to a concurrent term of 5 to 10 years' for solicitation.

*Commonwealth v. Moss*, 3201 EDA 2003, unpublished memorandum at 2 (Pa. Super. filed February 14, 2005).

On direct appeal, Moss raised several issues including a claim that the Commonwealth fraudulently induced him to enter a guilty plea.[2] This Court held that the issue was waived because Moss "never challenged his guilty plea in the trial court before raising it in his Pa.R.A.P. 1925(b) statement." *Id.* Moss also argued that the trial court breached the terms of his plea agreement when imposing sentence. This Court noted:

> The agreement provided that the Commonwealth would not seek the mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712, which would otherwise have applied in this case. It is uncontested that the Commonwealth did not seek to have the mandatory minimum sentence imposed; therefore, it did not breach any agreement.
>
> [Moss] also argues that the trial court did not abide by the terms of the agreement by sentencing him to a length of time in excess of the mandatory minimum. The trial court in the instant case specifically noted that it did not impose a mandatory minimum sentence pursuant to Section 9712. Rather, the trial court exercised its discretion in sentencing [Moss] to a term of imprisonment within the statutory limitations for third degree murder and solicitation to murder.

*Id.* at 4-5.

---

[2] Moss, who became a member of the Pennsylvania bar on January 4, 1995 and was disbarred on June 19, 2002, was represented by counsel at trial. On April 26, 2004, the trial court determined that Moss knowingly, intelligently and voluntarily waived his right to counsel and granted Moss' request to represent himself on appeal.

This Court affirmed Moss' judgment of sentence on February 14, 2005, and denied reargument on April 26, 2005. Moss filed a timely *pro se* PCRA petition on February 23, 2006.[3] The court dismissed the petition on December 28, 2006. Moss filed a timely notice of appeal to this Court on January 9, 2007. This court affirmed the PCRA court's order on October 11, 2007.

On July 21, 2014, Moss filed his second PCRA petition and on September 8, 2014, he filed an amendment to his petition. The court dismissed the PCRA petition on October 8, 2014. Moss filed a timely appeal and on April 6, 2015, the PCRA court filed its Rule 1925(a) opinion in which it explains, *inter alia*, that Moss is not serving an illegal sentence and is not entitled to relief based on a claim of a newly recognized constitutional right.

In the "statement of questions involved" section of his brief, Moss identifies the following issues for our review *verbatim*:

> [1.] The court[']s inherent authority should have been employed to correct the sentence imposed upon Moss.
>
> [2.] The PCRA court has jurisdiction pursuant to 42 Pa.C.S. § 9545 *et seq*.
>
> [3.] The state law procedures available deny Moss due process of law, substantively and procedurally.

Appellant's Brief, at v.

---

[3] On April 19, 2006, the court held a hearing and granted Moss' motion to proceed *pro se* with respect to his PCRA petition.

"Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citations omitted).

Section 9545 of the PCRA provides in relevant part:

**(b)  Time for filing petition. –**

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)       the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)    Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3)    For purposes of this subchapter, a judgment becomes final at the conclusion of direct review,

> including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review.

42 Pa.C.S. § 9545(b).

Moss' judgment of sentence became final on May 26, 2005, thirty days after the expiration of the time in which he could seek allowance of appeal in the Pennsylvania Supreme Court.  *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.  Moss filed the instant petition on July 21, 2014, more than nine years after his judgment of sentence became final.

After careful review of the parties' briefs, the record and the relevant law, we agree with the Honorable George A. Pagano's analysis and affirm on the basis of his opinion.  We instruct the parties to attach a copy of Judge Pagano's decision in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :

                                     :                    No. 2091-02

          v.                              :

                                       :

RUSSELL MOSS                            :

                                       :

William R. Toal, III Esq., Attorney for the Commonwealth of Pennsylvania

Russell Moss, Pro Se Defendant

Stephen D. Molineux, Esq., Appointed Attorney for Defendant

## OPINION

PAGANO, J.                                                    April 6, 2015

Defendant has filed his second Post Conviction Relief Act motion. Defendant filed a *pro se* Concise Statement of Matters Complained of on Appeal in compliance with Pa.R.A.P. 1925(b)(1). For the reasons that follow, the Court recommends that its Order be affirmed.

## DISCUSSION ON THE DEFENDANT'S APPEAL

Defendant raises five issues in the Concise Statement of Matters Complained of on Appeal: 1) whether the Trial Court erred in failing to "correct the error in Moss' plea agreement" *sua sponte*; 2) whether the court erred when it did not apply <u>Commonwealth v. Watley</u> and <u>Commonwealth v. Foster</u> retroactively; 3) whether the Department of Corrections obstructed Moss from being able to file his motion in a timely manner; 4) whether his rights under the Pennsylvania and United States Constitutions are being violated by denying him the benefit of his plea bargain agreement; and 5) whether the 60 day provision of <u>42 Pa.C.S. § 9545</u> is unconstitutional as applied to Moss.

Petitioner bases his PCRA claim on the allegation that the Commonwealth breached the terms of his plea agreement when it agreed to waive the mandatory minimum, but recommended



the Petitioner receive the maximum sentence. Petitioner claims this deprived him the "benefit of the bargain," causing his sentence to be illegal. Petitioner relies upon 42 Pa.C.S. § 9545, citing a 2012 Superior Court decision, Commonwealth v. Mebane, 58 A.3d 1243 (Pa.Super. 2012). Although Petitioner recognizes his current PCRA petition is untimely, he claims he filed the instant petition within 60 days of discovering the decision. He asserts a statutorily recognized excuse to overcome the untimeliness of his petition, namely, interference on the part of the Department of Corrections. This Court rejects the Petitioner's claims for the following reasons.

## 1. Petitioner's PCRA petition was untimely filed.

Pursuant to 42 Pa.C.S. § 9545(b), Petitioner had 60 days from the date his judgment became final to file his petition. Petitioner's judgment became final on February 14, 2005, after the Superior Court of Pennsylvania denied his direct appeal. [Superior Court Docket No. 3201 EDA 2003]. Petitioner's request for reconsideration was denied by *per curium* order dated April 26, 2005. No application for allowance of appeal was filed with the Pennsylvania Supreme Court, and Petitioner did not seek *certiorari* with the United States Supreme Court. Petitioner did not file any other appeals. Therefore, the deadline for filing any subsequent appeals was 60 days from February 14, 2005.

The Pennsylvania Superior Court has ruled

60-day period for prisoner to invoke exception to one-year time limit and file a Post Conviction Relief Act petition on the basis of an after-recognized constitutional right began to run on the date of the underlying judicial decision that established such right, rather than on the date the decision became available to prisoner through prison library.
Commonwealth v. Leggett, 16 A.3d 1144. 1147. (Pa.Super. 2011).

The instant case was not filed until July 21, 2014, more than nine years beyond the date the sentence became final, making the petition substantially out of compliance with the PCRA requirement.

2

**2. Petitioner does not satisfy any statutorily recognized bases to excuse the untimeliness.**

Petitioner claims he is entitled to relief under <u>Mebane</u>, pursuant to <u>42 Pa.C.S. §</u> <u>9545(b)(1)(iii)</u>. He further alleges that his petition was delayed due to governmental interference on the part of the Department of Corrections.[1]

PCRA time restrictions are jurisdictional in nature. Thus, untimely PCRA petitions leave this Court without jurisdiction over the petition. In order for the instant petition to overcome its untimely filing, Petitioner must establish one or more of the statutory exceptions set forth in <u>42</u> <u>Pa.C.S. § 9545(b)(1)(iii)</u>, which read

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Petitioner relies upon sections (i) and (iii) in the instant petition.

A. <u>Petitioner has previously raised the issue, therefore he cannot rely upon § 9545 (b)(1)(i).</u>

---

[1] Petitioner alleges the system at the facility in which he is currently incarcerated prevented him from uncovering <u>Mebane</u>, and the decision "could not have ascertained by due diligence."

3

Petitioner cannot rely upon § 9545 (b)(1)(i) as he has previously raised this claim in the Trial Court, Superior Court, the first PCRA Court, Superior Court again, and the United States District Court. The issue was rejected on the merits.

Additionally, the PCRA also precludes issues that were previously litigated:

> **(a) General rule.** To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
>> (3) That the allegation of error has not been previously litigated or waived.
>> 42 Pa.C.S. § 9543(a)(3).

The issue has been previously litigated, and thus Petitioner cannot rely upon § 9545 (b)(1)(i) for relief.

Additionally, the Pennsylvania Supreme Court has held that an appellant's restricted incarceration status does not constitute governmental interference simply because such status restricts the inmate's ability to prepare PCRA petitions. Commonwealth v. Albrecht, 994 A.2d 1091, 1095 (Pa. 2010). Absent illegal or unconstitutional conditions in the prison, Petitioner's 42 Pa.C.S. § 9545(b)(1)(i) claim is not sufficiently developed. See Commonwealth v. Puksar, 951 A.2d 267, 293-94 (Pa. 2008) (failure to develop claim waives it).

B. The case upon which petitioner relies does not satisfy the requirements of § 9545 (b)(1)(iii).

In the instant case, the Mebane, decision relied upon by the Petitioner is neither a decision by the Pennsylvania Supreme Court, nor a decision by the Supreme Court of the United States.

Additionally, the Mebane, decision does not set forth any new constitutional right, nor does it apply retroactively. Thus, it does not qualify to invoke any exception in the statute.

3. The Trial Court's sentence was legal and discretionary; therefore Watley and Foster do not apply.

4

Petitioner argues that he was deprived the "benefit of the bargain" when the Commonwealth, in exchange for Moss' plea of guilty, agreed not to invoke the mandatory minimum sentence, yet sought the maximum sentence at the sentencing hearing. Because of this, Petitioner claims the sentence was illegal, and therefore subject to the Plain Error Review Doctrine, citing Commonwealth v. Watley (Pennsylvania still uses Plain Error Review Doctrine for illegal sentences), and Commonwealth v. Foster (sentences greater than the statutory maximum are illegal). Petitioner cites 42 Pa.C.S. § 9543(a)(2)(Vii) as the statutory basis for review.

Petitioner's claim is without merit, as his belief that the Commonwealth's assurance that it would not pursue the five-year mandatory minimum equated to a guarantee that he would be given a sentence less than the mandatory minimum. The Superior Court of Pennsylvania has already held in this case that the Commonwealth did not violate any terms of its agreement when it wrote:

> The agreement provided that the Commonwealth would not seek the mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712, which would otherwise have applied in this case. It is uncontested that the Commonwealth did not seek to have the mandatory minimum sentence imposed; therefore, it did not breach any agreement.
>
> [Petitioner] also argues that the trial court did not abide by the terms of the agreement by sentencing him to a length of time in excess of the mandatory minimum. The trial court in the instant case specifically noted that it did not impose a mandatory minimum sentence pursuant to Section 9712. Rather, the trial court exercised its discretion in sentencing [petitioner] to a term of imprisonment within the statutory guidelines for third degree murder and solicitation to murder.
>
> Commonwealth v. Moss, Memorandum opinion, Superior Court Dkt. No. 3201 EDA 2003, 2/18/05, p. 4-5.

The Commonwealth did not seek a mandatory minimum sentence, thus preserving Petitioner's "benefit of the bargain." Trial Court also did not abuse its discretion as it remained

within the sentencing guidelines of third degree murder and solicitation to murder, therefore Watley and Foster are not implicated in this proceeding.

4. **Petitioner waived his right to appeal this issue when he failed to preserve it at the sentencing hearing.**

In the alternative, as the Pennsylvania Superior Court held, Petitioner's claim challenging the discretionary aspects of the sentence imposed was waived when petitioner failed to properly raise and preserve the issue at the sentencing hearing. See Pa.R.A.P. 302 (failure to preserve an issue waives it).

## CONCLUSION

For the foregoing reasons, this Court finds that Defendant's appeal is without basis and merit. This Court respectfully recommends that its order denying post-conviction relief be affirmed.

GEORGE A. PAGANO, J.