J-S40042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY ROSS, | : | |
| | : | |
| Appellant | : | No. 3603 EDA 2015 |

Appeal from the PCRA Order November 2, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0005393-2005

BEFORE: BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED JUNE 28, 2016**

Anthony Ross ("Ross") appeals, *pro se*, from the Order dismissing his second Post Conviction Relief Act ("PCRA") Petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Ross was tried and convicted of four counts of robbery and one count of criminal conspiracy. The trial court sentenced Ross to an aggregate prison term of 15 to 60 years. This Court affirmed the judgment of sentence. ***See Commonwealth v. Ross***, 963 A.2d 573 (Pa. Super. 2008) (unpublished memorandum).

Ross filed his first PCRA Petition on December 29, 2008. The PCRA court dismissed the Petition. This Court affirmed the dismissal. ***See Commonwealth v. Ross***, 6 A.3d 567 (Pa. Super. 2010) (unpublished memorandum).

On August 13, 2015, Ross filed the instant *pro se* PCRA Petition, his second. The PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss his Petition without a hearing. Ross filed a Response to the Rule 907 Notice. The PCRA court dismissed the Petition, after which Ross filed a timely *pro se* Notice of appeal.

Ross presents the following claims for our review:

1) Whether the mandatory minimum sentence imposed herein is illegal and should be vacated since the provisions that were applied were rendered unconstitutional[?]

2) Whether a challenge to a sentence pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) - implicated the legality of the sentence and is therefore non-waivable[?]

Brief for Appellant at 2.

Before we address Ross's claims, we first must determine whether Ross timely filed his PCRA Petition. All PCRA petitions must be filed within one year of the date on which defendant's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." ***Id.*** § 9545(b)(3).

In this case, Ross's judgment of sentence became final on October 20, 2008, when the time to file an appeal to the Supreme Court of Pennsylvania expired. ***See Commonwealth v. Leggett***, 16 A.3d 1144, 1146 (Pa. Super.

- 2 -

2011). Thus, Ross had until October 20, 2009, to file a timely PCRA Petition. Ross's Petition, filed on August 13, 2015, is facially untimely.

Although a petition must be filed within one year, there are three exceptions that may excuse untimeliness:

> **(i)** the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth of the constitution of laws of the United States;
>
> **(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> **(iii)** the right asserted is a constitutional right that was recognized by the Supreme Court of the United State or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively

42 Pa.C.S.A. § 9545(b)(1). When invoking one of the exceptions, the Petition must be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2).

Ross invokes the new constitutional right exception and argues that his sentence was illegal based on the United States Supreme Court's decision in *Alleyne*. Brief for Appellant 5-6 (unnumbered).

Our review discloses that Ross failed to file his Petition within 60 days of the date on which the Supreme Court issued the *Alleyne* decision. *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that defendants need to file their petitions within 60 days from the date of the court's decision to fulfill the requirement). Additionally, *Alleyne* has not

been applied retroactively to cases where, as here, the judgment of sentence was final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final); *id.* (stating that while *Alleyne* raises a legality of sentence challenge, courts cannot review a legality claim where is does not have jurisdiction); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1067 (Pa. Super. 2015). Thus, Ross's Petition fails to satisfy the timeliness exception under section 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016