**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**John LEGGETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 2010.

Filed Feb. 28, 2011.

John Leggett, appellant, pro se.

Carrie C. Munsee, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: STEVENS, BOWES, and SHOGAN, JJ.

OPINION BY STEVENS, J.:

Appellant, John Leggett, files this *pro se* appeal from the January 15, 2010 order of the Court of Common Pleas of Erie County dismissing his serial petition pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely filed. We affirm.

On July 15, 1999, following a jury trial, Appellant was convicted of robbery,[2] conspiracy to commit robbery,[3] attempted murder,[4] aggravated assault,[5] and simple assault.[6] On August 30, 1999, the trial court sentenced Appellant to an aggregate sentence of twenty-three (23) to fifty-five (55) years imprisonment. On September 27, 2000, this Court affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 12, 2001, Appellant filed his first PCRA petition, which the PCRA Court denied on September 27, 2001. This Court affirmed the dismissal on March 1, 2004. Appellant filed his second PCRA petition on May 14, 2004, claiming that PCRA appellate counsel was ineffective in failing to inform Appellant that he could appeal this Court's March 1, 2004 decision in the Pennsylvania Supreme Court. On August 25, 2004, the PCRA court granted Appellant's petition to the extent that Appellant's right to file a petition for allowance of appeal in the Pennsylvania Supreme Court was reinstated *nunc pro tunc.* Appellant filed his Petition for Allowance of Appeal which our Supreme Court subsequently denied on February 10, 2005.

Appellant filed another PCRA petition on June 9, 2008, which the PCRA court dismissed on April 17, 2009. Appellant filed the instant *pro se* PCRA petition on September 16, 2009. The PCRA court dismissed the petition as untimely as it found that Appellant had not established that any of the PCRA timeliness exceptions applied to his case. This timely appeal followed.

As a preliminary matter, we note that our Supreme Court has stressed that "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Abu–Jamal,* 596 Pa. 219, 227, 941 A.2d 1263, 1267–68 (2008) (citation omitted), *cert. denied, Abu–Jamal v. Pennsylvania,* —— U.S. ——, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the defendant's judgment of sentence becomes final, unless the petitioner proves one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. "A judgment becomes final at the

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 18 Pa.C.S.A. § 3701(a)(1)(i).

3. 18 Pa.C.S.A. § 903(a)(1).

4. 18 Pa.C.S.A. § 901(a).

5. 18 Pa.C.S.A. § 2702(a)(4).

6. 18 Pa.C.S.A. § 2701(a)(3).

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). In the instant case, this Court affirmed Appellant's judgment of sentence on September 27, 2000. Appellant's judgment became final on October 27, 2000, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113(a). As such, the instant petition, filed nearly nine years later on September 16, 2009, is facially untimely.

However, as noted above, this Court will review an untimely PCRA petition if the petitioner has alleged and can prove that one of the following three exceptions in Section 9545 applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. . . .

42 Pa.C.S.A. § 9545(b)(1). The petitioner bears the burden to allege and prove one of the timeliness exceptions applies. *Com-*

*monwealth v. Marshall,* 596 Pa. 587, 596, 947 A.2d 714, 720 (2008). Moreover, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

■ Appellant invokes the timeliness exception in subsection 9545(b)(1)(iii) to claim that the United States Supreme Court's holding in *Melendez–Diaz v. Massachusetts,* —— U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), is an after-recognized constitutional right that should be applied retroactively to the instant case. This Court has provided that "[w]ith regard to an after-recognized constitutional right, . . . the sixty-day period begins to run upon the date of the underlying judicial decision." *Commonwealth v. Boyd,* 923 A.2d 513, 517 (Pa.Super.2007) (citation omitted). Therefore, as *Melendez–Diaz* was decided on June 25, 2009, Appellant was required to file his PCRA petition on or before August 24, 2009 to invoke his claim within 60 days of the date the claim first could have been presented.

■■ Appellant contends that the sixty-day time period did not begin to run until the *Melendez–Diaz* decision become available to him in the prison library on July 30, 2009. As such, he concludes that his petition should be deemed to be timely filed as he mailed his *pro se* PCRA petition from the prison on September 13, 2009.[7] However, this Court has held that a prisoner's ignorance of the law does not excuse his failure to file a PCRA petition within sixty days of the filing of the judicial decision which he claims established an after-

---

7. "Pursuant to the 'prisoner mailbox rule,' we deem [an appellant's] documents filed on the date when he placed them in the hands of prison authorities for mailing." *Common-*

*wealth v. Hopfer,* 965 A.2d 270, 272 n. 2 (Pa.Super.2009) (citing *Commonwealth v. Castro,* 766 A.2d 1283, 1287 (Pa.Super.2001)).

recognized constitutional right. *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa.Super.2001) (providing that "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law"). Accordingly, we find Appellant's petition was untimely filed.

Moreover, assuming *arguendo* that Appellant had timely filed his petition, he has not established that the *Melendez–Diaz* decision applies retroactively to cases on collateral review. With respect to the timeliness exception found in Subsection 9545(b)(1)(iii), our Supreme Court has noted:

> Subsection (iii) of Section 9545 [ (b)(1) ] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. *Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review.* By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

Commonwealth v. Copenhefer, 596 Pa. 104, 109–10, 941 A.2d 646, 649–50 (2007) (citation omitted) (bold and emphasis added).

Applying these requirements to the instant case, Appellant has not established that *Melendez–Diaz* established a "new" constitutional right. In *Melendez–Diaz*, the U.S. Supreme Court held that the admission of certificates of forensic analysis against a criminal defendant without allowing the defendant the opportunity to cross-examine the scientists who prepared these out-of-court testimonial statements violates the defendant's right of confrontation in the Sixth Amendment and the Supreme Court's prior decision in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The majority in *Melendez–Diaz* expressly provided that its holding was not new, but stated that the Court was "faithfully applying *Crawford* to the facts of th[e] case" and its decision "involves little more than the application of [its] holding" in *Crawford*. *Melendez–Diaz*, 129 S.Ct. at 2533, 2542.

Moreover, the U.S. Supreme Court has not specifically held that *Melendez–Diaz* should be applied retroactively to cases on collateral review.[8] However, we note that the Supreme Court expressly provided that its decision in *Crawford*, upon which *Melendez–Diaz* relies, does not apply retroactively to cases already final on direct review. *Whorton v. Bockting*, 549 U.S. 406, 417–421, 127 S.Ct. 1173, 1182–84, 167 L.Ed.2d 1 (2007) (citing *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)) (finding that *Crawford* should not be applied retroactively on collateral appeal as its holding was not "a watershed

---

8. We note that the U.S. Supreme Court has directed lower courts to apply *Melendez–Diaz* to cases pending final review on *direct* appeal. *See Commonwealth v. Barton–Martin*, 5 A.3d 363, 369 (Pa.Super.2010) (citing *Briscoe v. Virginia*, — U.S. —, 130 S.Ct. 1316, 175 L.Ed.2d 966 (2010)). This Court has similarly held that "we adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in the law which occur before the judgment becomes final." *Baldwin*, 789 A.2d at 731 (citation omitted).

rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding"). As such, we find Appellant has not shown that the timeliness exception contained in subsection 9545(b)(1)(iii) applies.

For the foregoing reasons, we affirm.

Affirmed. Jurisdiction relinquished.