J-S45026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PEDRO VIROLA | |
| Appellant | No. 1881 EDA 2013 |

Appeal from the PCRA Order of June 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009220-2007

BEFORE: BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 06, 2014**

Pedro Virola ("Virola") appeals the June 7, 2013 order that denied his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The PCRA Court provided the following summary of the factual and procedural history of this case:

> On numerous occasions between September 1, 2005, and December 1, 2006, [Virola] sexually assaulted [J.O.], a 13-year-old girl at her . . . home in Philadelphia. [Virola], who lived with the victim and her mother, repeatedly and vaginally raped the victim, placing his mouth on the victim's vagina and inserting his finger into her vagina. [Virola] eventually moved out of the victim's home in December of 2006, at which point the victim told her mother what had happened. The mother subsequently contacted the police.

_____

[*]    Former Justice specially assigned to the Superior Court.

PCRA Court Opinion ("P.C.O."), 12/26/2013, at 2 (citations to notes of testimony omitted).

> On January 28, 2008, [Virola] entered a negotiated *nolo contendere* plea . . . to charges of Rape – Forcible Compulsion, [18 Pa.C.S.A. § 3121;] Aggravated Indecent Assault Without Consent, [18 Pa.C.S.A. § 3125;] Endangering the Welfare of Children (EWOC), [18 Pa.C.S.A. § 4304; Involuntary Deviate Sexual Intercourse (IDSI), 18 Pa.C.S.A. § 3123;] and Corruption of Minors (COM) [18 Pa.C.S.A § 6301. The trial court] sentenced [Virola] to seven-and-a-half (7.5) to twenty (20) years['] incarceration followed by ten (10) years['] probation. On December 8, 2008, [the trial court] vacated the previous sentence and re-sentenced [Virola] to seven and a half (7.5) to twenty-five (25) years['] incarceration followed by ten (10) years['] probation.
>
> On October 21, 2011, [Virola] filed a [PCRA] Petition. On September 14, 2012, an amended PCRA Petition was filed. On April 11, 2013, [the PCRA court] filed a [Pa.R.Crim.P.] 907 Letter of Intent to Dismiss the PCRA Petition because it was untimely. [Virola] had not invoked an exception to the PCRA timeliness provisions. On June 7, 2013, [the PCRA court] formally denied the PCRA petition. On June 21, 2013, [Virola] filed a Notice of Appeal along with a Statement of [Errors Complained of on Appeal] . . . .

P.C.O. at 1-2 (footnotes omitted).

Virola raises one issue for our review: "Did the PCRA Court err when it dismissed [Virola's] Amended Petition without holding a hearing?" Virola's Brief at 3.

We begin by reviewing our jurisdiction to consider Appellant's petition. The PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. ***Commonwealth v.***

- 2 -

***Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011). A court lacks jurisdiction to reach the merits of a PCRA petition if it is untimely. ***Id.***

Despite facial untimeliness, a PCRA petition will be considered timely if the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA, which provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b). When an appellant files a facially untimely PCRA petition, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). Even when one of the exceptions may apply to a

given petition, it will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light. *Id.* at 784.

Here, Virola's judgment of sentence was entered on December 8, 2008. Virola did not file a direct appeal. Thus, his judgment of sentence became final thirty days later, when his time in which to file the appeal elapsed. Pursuant to subsection 9545(b), the time within which Virola could file a timely PCRA petition ended on or about January 8, 2010. As his PCRA petition was not filed until October 21, 2011, it was facially untimely. Further, in his PCRA petition, Virola did not allege specifically that any of the three exceptions to the one-year time limit applied.

Instead, in his amended PCRA petition, Virola alleged that he was abandoned by his counsel because his counsel did not file a direct appeal. When counsel has abandoned a petitioner, our Supreme Court has determined that such abandonment may be sufficient to invoke section 9545(b)(1)(ii), the newly discovered facts exception. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1274 (Pa. 2007).

In ***Bennett***, the petitioner filed a PCRA petition and an amended PCRA petition, both of which were denied. Appointed counsel did not file a notice of appeal, but the petitioner filed a *pro se* notice of appeal and a Rule 1925(b) statement. New counsel was appointed, but the appeal was dismissed by this Court when counsel did not file a brief. *Id.* at 1266. Approximately three months after the dismissal, the petitioner filed a second

- 4 -

*pro se* PCRA petition. *Id.* at 1267. The Supreme Court determined that the petitioner had alleged sufficient facts to demonstrate that he was abandoned by counsel and to invoke the section 9545(b)(1)(ii) exception. *Id*. at 1274. The Court also determined that the petitioner did not know that his appeal had been dismissed because the notice had been sent to appointed counsel and that the petitioner acted with due diligence in filing his second PCRA petition upon learning of the dismissal. *Id.* at 1275. Interpreting *Bennett*, we have held that an appellant must also plead that the PCRA petition was filed within sixty days of learning of the abandonment. *Commowealth v. Geer*, 936 A.2d 1075, 1078 (Pa. Super. 2007).

Here, Virola alleged that he asked his counsel to file a direct appeal. Virola also did not allege or plead that he wrote to his counsel or to the courts to check the status of his appeal, or that he in any way followed up on that request. Unlike in *Bennett*, Virola did not file a *pro se* appeal or a Rule 1925(b) statement to demonstrate his intent to appeal. Virola did not plead that he was unaware that an appeal had not been filed or that he did anything in the approximately three years between his judgment of sentence and PCRA petition that would demonstrate the exercise of due diligence. Moreover, Virola did not plead that that he filed his PCRA petition within sixty days of learning no notice of appeal was filed, as is required by *Geer*. The docket shows no action by Virola and he does not allege that he took any. Thus, Virola has not demonstrated that he acted with the necessary due diligence. Virola has not plead sufficiently that section 9545(b)(1)(ii) or

any other exception to the PCRA's time bar applies.  Because no exception applies, Virola's PCRA petition was untimely and we are without jurisdiction to consider it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2014