J-S61028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL HARRISON | |
| Appellant | No. 561 WDA 2014 |

Appeal from the PCRA Order of February 6, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0007837-1999

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                **FILED OCTOBER 31, 2014**

Michael Harrison appeals the February 6, 2014 order that dismissed without a hearing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

Attendant to Harrison's direct appeal, the trial court summarized the facts of the case as follows:

> On March 7, 1994, Kevin Lee stole a four-door, 1986 Olds Cutlass Cierra and drove it to Isaac Butler's house in the Larimer Avenue section of Pittsburgh.  There[, Harrison], Lee and Butler discussed perpetrating a retaliation shooting to avenge the death of Butler's brother, who had been killed in December, 1992, in a shooting by rival CRIP gang members.
>
> [Harrison] gave Butler a .380 semi-automatic pistol.  Lee had a sawed-off shotgun.  [Harrison] drove Lee and Butler to the area of Lincoln Avenue where they turned up Dean Street.  There

_____

[*]    Retired Senior Judge assigned to the Superior Court.

they observed Byron Patton and Jason Gaines walking down the street. Either Lee or Butler yelled at [Harrison] to stop the car, and they got out while [Harrison] remained in the car. [Harrison] heard four shots from the handgun, a pause, screaming, and a loud blast consistent with a shotgun being fired.[1] Lee and Butler ran back to the car and [Harrison] drove away.

> [1] On May 14, 1998, [Harrison] gave a statement to Pittsburgh Homicide Detective Thomas Foley, in which he essentially confessed to being an accomplice to first degree murder.

\* \* \*

Officers William Gorman and Charles Johnson arrived at the scene at 10:30 P.M. They found Patton on the porch of 3528 ½ Dean Street with a gunshot wound to the head and Gaines shot in the neck, shoulder and arm. Two large caliber casings were found adjacent to the porch area. Three .380 shell casings and a bullet fragment were found on the sidewalk.

[Harrison] drove back to Butler's house, where the three men stayed for a couple of hours and discussed getting rid of the vehicle. Around 3:00 A.M., Lee took the shotgun and left. [Harrison] hid the .380 under the porch of an abandoned house across the street from Butler's house. [Harrison] and Butler drove the car to Washington Boulevard, turned off under the Lincoln Avenue bridge and abandoned it. As they were doing so, the police pulled up and [Harrison] and Butler escaped up a flight of stairs. Officer Scott Curly recovered the vehicle and found a .380 casing in a vent in the windshield.

In November, 1994, a .380 semi-automatic was recovered in a desk in a dormitory area assigned to Travis Hill at the Keystone Job Corps Center in Luzerne County. Hill lived in the Larimer section of Pittsburgh, and while home for Thanksgiving, a friend told him that a gun was hidden under a rock between two abandoned houses. The gun, cartridge casings and bullet fragment were submitted to the Allegheny County Crime Lab for testing. The casings and fragment were found to have been fired from the gun.

Byron Patton was pronounced dead at 1:33 A.M. on March 8, 1994, at Presbyterian University Hospital. His body was taken to the Allegheny County Coroner's Office where an autopsy was

- 2 -

performed by Dr. Eric Vey. The cause of death was a gunshot wound to the head.

Trial Court Opinion ("T.C.O."), 12/18/2000, at 2-3 (citations to record omitted). Harrison was seventeen years old at the time of the murder.

On March 29, 2000, following a jury trial, Harrison was found guilty of first-degree murder. 18 Pa.C.S.A. § 2501(a). That same day, Harrison was sentenced to life in prison. Harrison filed a direct appeal. On February 29, 2004, this Court affirmed his judgment of sentence. **Commonwealth v. Harrison**, 622 WDA 2002, slip. op. at 13 (Pa. Super. Feb. 19, 2004). On March 19, 2004, Harrison filed a petition for allowance of appeal with the Pennsylvania Supreme Court. That petition was denied on June 17, 2004. **Commonwealth v. Harrison**, 853 A.2d 360 (Pa. 2004) (Table).

On March 16, 2005, Harrison timely filed a first PCRA petition. Counsel was appointed and filed an amended petition. On July 27, 2006, the PCRA court dismissed Harrison's petition without a hearing. On August 28, 2006, Harrison filed a notice of appeal. On March 11, 2008, this Court affirmed the PCRA court's order. **Commonwealth v. Harrison**, 953 A.2d 599 (Pa. Super. 2008) (Table). Harrison filed a petition for allowance of appeal which was denied by the Pennsylvania Supreme Court on November 17, 2008. **Commonwealth v. Harrison**, 960 A.2d 837 (Pa. 2008) (Table).

On July 13, 2012, Harrison filed the instant PCRA petition. On November 6, 2013, the PCRA court filed its notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Harrison filed a

- 3 -

response to the Rule 907 notice. On December 14, 2013, the PCRA court gave Harrison leave to amend his PCRA petition and re-issued its Rule 907 notice. Harrison filed another response. On January 17, 2014, the PCRA court gave leave for Harrison to further amend his petition and again re-issued its Rule 907 notice. On February 6, 2014, the PCRA court dismissed the PCRA petition without a hearing.

On March 26, 2014, Harrison filed a notice of appeal.[1] The PCRA court did not order a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court issued a statement indicating that it dismissed Harrison's PCRA petition because it was untimely.

Harrison raises one issue for our review: "Did [the PCRA] court erroneously interpret *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455 [2012], in its conclusion that *Miller* is not retroactive dismissing PCRA as untimely?" Harrison's Brief at viii (emphasis removed).

Before we reach the merits of Harrison's issue on appeal, we first must ensure we have jurisdiction to do so. The PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the

---

[1] Although Harrison's notice of appeal was docketed on March 26, 2014, it is postmarked on March 3, 2014. Because Harrison is *pro se* and in prison, he is entitled to the benefit of the prisoner mail box rule and we consider his appeal timely because it was mailed prior to the deadline for filing even though it was docketed after the deadline. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

- 4 -

claims asserted. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011). A court lacks jurisdiction to reach the merits of a PCRA petition if it is untimely. ***Id.***

Despite facial untimeliness, a PCRA petition will be considered timely if the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsection 9545(b), which provides:

> (1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).  When an appellant files a facially untimely PCRA petition, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief. ***Commonwealth v. Gamboa-Taylor***, 753

A.2d 780, 783 (Pa. 2000). Even when one of the exceptions may apply to a given petition, it will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light. *Id.* at 784.

Here, Harrison's judgment of sentence became final on or about September 15, 2004, when the time period in which he could file a petition for certiorari with the United States Supreme Court expired. Therefore, he had until on or about September 15, 2005 to file a timely PCRA petition. This petition, filed on July 13, 2012, facially is untimely.

However, Harrison has pleaded that an exception applies; to wit, that *Miller* provides a new constitutional right. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Because *Miller* was filed on June 25, 2012, Harrison's petition was filed within the sixty-day time period as delineated in 42 Pa.C.S.A. § 9545(b)(2). In *Miller*, the Supreme Court held that mandatory life sentences without the possibility of parole for juvenile offenders violate the Eighth Amendment's prohibition against cruel and unusual or excessive punishments. *Miller*, 132 S. Ct. at 2469. The Court declined to address whether its holding applied retroactively to sentences administered prior to the Court's ruling.

Our Supreme Court has held that *Miller*'s mandate does not apply retroactively. *Commonwealth v. Cunningham*, 81 A.3d 1, 10-11 (Pa. 2013). To establish an exception to the PCRA time bar, the petitioner must plead and prove that the constitutional right has been recognized by the

United States or Pennsylvania Supreme Court *and* "has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). We explained in *Commonwealth v. Seskey*, 86 A.3d 237, 243 (Pa. Super. 2014):

> Recently, in *Cunningham*, our Supreme Court held that the constitutional right announced by the United States Supreme Court in *Miller* does not apply retroactively. 81 A.3d at 10. Consequently, [a]ppellant cannot rely upon *Miller* or subsection 9545(b)(iii) to establish jurisdiction over his untimely PCRA petition in any Pennsylvania court. Hence, we lack the jurisdiction to review the merits of [a]ppellant's issues . . . .

*Id.* at 243.

Because Harrison is unable to prove that an exception applies, his PCRA petition is untimely. The PCRA court did not err in treating it as such, and it lacked jurisdiction over the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2014