J-S11037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN JAMES FOLEY | : | |
| | : | |
| Appellant | : | No. 1259 WDA 2016 |

Appeal from the PCRA Order August 4, 2016
In the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0001170-2007

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 27, 2017**

Appellant Kevin James Foley files this *pro se* appeal from the order of the Court of Common Pleas of Indiana County dismissing Appellant's second petition pursuant to the Post Conviction Relief Act ("PCRA").[1]   We affirm the denial of Appellant's untimely petition.

In March 2009, a jury convicted Appellant of first-degree murder.  On June 1, 2009, Appellant was sentenced to life imprisonment.  Upon appeal, this Court affirmed Appellant's judgment of sentence on February 15, 2012 and the Supreme Court denied his petition for allowance of appeal on January 4, 2013.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On December 30, 2013, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed counsel, who assisted Appellant in filing an amended petition. After a hearing, the PCRA court denied the petition on December 22, 2014. This Court affirmed the denial of Appellant's first PCRA petition on October 14, 2015 and our Supreme Court denied Appellant's allowance of appeal on March 29, 2016.

While the resolution of Appellant's first PCRA petition was still pending, Appellant filed the instant *pro se* PCRA petition on February 24, 2016. The PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and on August 5, 2016, the PCRA court entered an order dismissing Appellant's petition. This appeal followed.

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allen***, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

As an initial matter, we must determine whether Appellant's PCRA petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa.Super.

2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on June 1, 2009. This Court affirmed Appellant's judgment of sentence on February 15, 2012 and the Supreme Court denied Appellant's petition for allowance of appeal on January 4, 2013. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). As a result, Appellant's judgment of sentence became final after the 90-day period in which he was allowed to seek review in the Supreme Court of the United States. *See* U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As Appellant's sentence became final on April 4, 2013, Appellant needed to file

his request for collateral relief by April 4, 2014. Accordingly, this petition, which was filed on February 24, 2016, is facially untimely.

Claiming that his *pro se* petition meets the newly recognized constitutional right timeliness exception, Appellant argues his sentence of life imprisonment is unconstitutional pursuant to ***Alleyne v. U.S.***, ___U.S.___, 133 S.Ct. 2151, 2155 (2013), in which the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Based on ***Alleyne***, our courts have invalidated Pennsylvania statutes setting forth mandatory minimum sentences allowing a trial court to increase a defendant's minimum sentence at sentencing under a preponderance of the evidence standard. ***See Commonwealth v. Newman***, 99 A.3d 86, 98 (Pa.Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1), *appeal denied*, 121 A.3d 247 (Pa. 2015); ***Commonwealth v. Mosley***, 114 A.3d 1072, 1087–91 (Pa.Super. 2015) (invalidating 18 Pa.C.S. § 7508).

However, our Supreme Court has recently held that ***Alleyne*** does not apply retroactively to cases on collateral review. ***Commonwealth v. Washington***, ___Pa.___, 142 A.3d 810, 820 (2016). Nevertheless, Appellant argues that the U.S. Supreme Court's decision in ***Montgomery v. Louisiana***, ___U.S.___, 136 S.Ct. 718 (2016), established that "any case based on constitutional premises is retroactive to collateral review." Appellant's Brief, at 2. The U.S. Supreme Court's decision in ***Montgomery***

is not applicable to this case as the Supreme Court's holding is limited to its determination of retroactivity of its prior decision in **Miller v. Alabama**, ___U.S.___, 132 S.Ct. 2455 (2012), in which the High Court held it is unconstitutional to impose a mandatory sentence of life imprisonment without parole to juvenile offenders. Appellant does not argue that he is entitled to relief under **Miller**.

Accordingly, as Appellant failed to prove an applicable exception to the PCRA timeliness requirements, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/27/2017