J-S33037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TUCKER D. GINN | : | |
| | : | |
| Appellant | : | No. 3348 EDA 2017 |

Appeal from the PCRA Order September 14, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0232801-1993

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:          **FILED JUNE 25, 2018**

Appellant Tucker D. Ginn appeals the order of the Court of Common Pleas of Philadelphia County denying Appellant's fourth petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546, as untimely filed. We affirm.

On October 30, 1995, a jury convicted Appellant of first-degree murder, robbery, aggravated assault, conspiracy, and possession of an instrument of crime in the connection with the shooting death of Philadelphia Police Officer Charles Knox and the wounding of Officer Anthony Howard. After the jury deadlocked on whether to impose the death penalty, Appellant was sentenced to life imprisonment on January 24, 1996. No direct appeal was filed.

On October 1, 1997, Appellant filed his first PCRA petition, alleging that his trial counsel should have filed a direct appeal. The PCRA court dismissed this petition as untimely filed, and this Court affirmed the PCRA court's order

_____
*   Former Justice specially assigned to the Superior Court.

on August 21, 2002. Appellant filed two additional PCRA petitions, which were ultimately denied and have no relevance to the instance case.

On September 16, 2016, Appellant filed his fourth PCRA petition in the instant case, again alleging that his trial counsel should have filed a direct appeal. On September 14, 2017, the PCRA court denied Appellant's petition as untimely filed. This appeal followed.

As an initial matter, we must determine whether Appellant's PCRA petition is untimely. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these

exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, Appellant was sentenced on January 24, 1996 and did not file a direct appeal. As a result, the judgment of sentence became final on February 23, 1996, after the expiration of the thirty-day period to file a direct appeal to this Court. *See* Pa.R.A.P. 903(c)(3). Appellant had until February 23, 1997 to file a timely PCRA petition. Thus, this petition, which was not filed until September 16, 2016, is facially untimely and over nineteen years late.

Despite the untimeliness of this petition, Appellant failed to allege, much less prove, that any of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies in this case. Accordingly, the PCRA court correctly determined that it did not have jurisdiction to review Appellant's untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

- 3 -