J-S03045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL THEODORE ROSS, | : | |
| | : | |
| Appellant | : | No. 2816 EDA 2018 |

Appeal from the PCRA Order Entered September 12, 2018
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0003055-1996

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 29, 2019**

Samuel Theodore Ross ("Ross"), *pro* se, appeals from the Order dismissing his serial Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  The PCRA court dismissed the Petition, without a hearing, as untimely filed.  We affirm.

On January 21, 1997, Ross entered an open guilty plea to one count each of third-degree murder, robbery and burglary, and two counts of criminal conspiracy.[2]  On May 19, 1997, the trial court sentenced Ross to an aggregate prison term of 30 to 60 years.  This Court affirmed Ross's judgment of sentence on January 20, 1998.  ***Commonwealth v. Ross***, 711 A.2d 1041

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S.A. §§ 2502(c), 3701, 3502, 903.

(Pa. Super. 1998) (unpublished memorandum). Ross did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Ross filed a timely, first PCRA Petition, which was denied, without a hearing, on February 17, 1999. Thereafter, Ross filed numerous PCRA Petitions, all of which have been dismissed as untimely filed.

On April 26, 2018, Ross filed the instant PCRA Petition. After appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the Petition as untimely filed. Thereafter, Ross filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Ross presents the following claims for our review:

1. Did the [PCRA court] deny [Ross's] constitutional rights to due process and to a remedy by due course of law where it failed to provide recourse to address the ineffective assistance of counsel on appeal issue?

2. Did the [PCRA court] apply section 9545 of the [PCRA], which provides original jurisdiction over PCRA proceedings, unconstitutional [*sic*] when it declined jurisdiction to address whether the PCRA proceeding, as applied to this case, reasonably comported with constitutional rights to due process and to a remedy by due course of law?

3. Whether the [PCRA] court's application of section 9545(b) of the PCRA statute to bar review of an ineffective assistance of counsel on appeal issue that already once defeated section 9545(b) is unreasonable and denies [Ross's] constitutional rights to due process, to a remedy by due course of law and to petition the court?

4. Whether [Ross] is entitled to have his ineffective counsel on appeal issue reviewed under section 9544(a)(3), which

- 2 -

addresses issues raised and decided in previous collateral proceedings?

Brief for Appellant at 3 (capitalization omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

As a preliminary matter, we first address whether Ross timely filed the instant PCRA Petition. "[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[,]" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). The three statutory exceptions are for newly-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted). Any petition asserting one of these exceptions must

also establish that the exception was raised within one year of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).[3] "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within [one year] of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Gamboa-Taylor**, 753 A.2d at 783 (footnote added).

Ross's sentence became final on February 19, 1998, when the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 1113 ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court[.]"). Therefore, he had until February 19, 1999, to file a timely PCRA petition. The instant Petition was not filed until April 26, 2018, and therefore, the Petition is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

In his first claim, Ross attempts to avoid the PCRA's timeliness requirement, arguing that his direct appeal counsel abandoned him by not filing a petition for allowance of appeal to the Pennsylvania Supreme Court.

---

[3] Prior to Act 146 of 2018, a PCRA petition alleging an exception to the timeliness requirement was required to be filed within sixty days of the date the claim could have been presented.

- 4 -

Brief for Appellant at 13. However, Ross did not raise this claim in his first PCRA Petition, or within the time prescribed by 42 Pa.C.S.A. § 9545(b)(2). "[A]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005); *but see Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007) (stating that the *Wharton* rule does not extend to claims alleging the complete abandonment of counsel). Although Ross claims that his direct appeal counsel abandoned him, he has not invoked the PCRA's jurisdiction, as he failed to raise his ineffectiveness claim within the PCRA's time limitation.

Ross additionally asserts that the Remedies Clause of the Pennsylvania Constitution guarantees a remedy for the deprivation of a constitutional right. *See* Pa. Const., art. I, § 11 ("All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have a remedy by due course of law…."). Ross interprets this section as requiring the relief he seeks, *i.e.*, to have his claim of ineffective assistance of counsel heard and decided by a court of law. Brief for Appellant at 15.

Similarly, in his remaining claims, Ross attempts to avoid the PCRA's timeliness requirements by arguing that the PCRA court was required to litigate his challenge to the constitutionality of the timeliness requirement, *see* Brief for Appellant at 16-17; that the constitutional right to due process requires that he be given an opportunity to present his ineffectiveness claim,

*see id.* at 17; and that the PCRA court is authorized to review the record beyond the jurisdictional time limit, in order to determine whether a claim was previously litigated, *see id.* at 22.

Contrary to Ross's assertions, the PCRA afforded Ross a remedy for his claim of ineffective assistance of direct appeal counsel. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii) (identifying a claim of ineffective assistance of counsel as cognizable under the PCRA). "[P]ursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." *Commonwealth v. Descardes*, 136 A.3d 493, 501 (Pa. 2016). Since Ross's ineffectiveness claim is cognizable under the PCRA, the PCRA court had no authority to address the claim, except under the strictures of the PCRA. *See Commonwealth v. Eller*, 807 A.2d 838, 843 (Pa. 2002) (recognizing that where a claim is cognizable under the PCRA, "the trial court had no residual common law or statutory authority to entertain the claim except under the strictures of the PCRA").

Here, Ross's present Petition was untimely filed, and he has failed to invoke the PCRA court's jurisdiction by pleading and proving an exception to the PCRA's timeliness requirement. Consequently, the PCRA court lacked jurisdiction to entertain his Petition. *See Gamboa-Taylor*, 753 A.2d at 783. Discerning no error or abuse of discretion, we affirm the Order of the PCRA court.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/19