J-S13038-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON VAUGHN HENDERSON, | : | |
| | : | |
| Appellant | : | No. 1367 WDA 2018 |

Appeal from the PCRA Order Entered August 30, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014877-2010

BEFORE:   BENDER, P.J.E, OTT, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:               FILED MAY 21, 2019

Aaron Vaughn Henderson (Appellant) appeals from the August 30, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously recounted the procedural history of this case as follows.

> On February 29, 2012, the trial court sentenced [Appellant] to life imprisonment after a jury convicted him of criminal homicide … and recklessly endangering another person…. [Appellant] filed a direct appeal to this Court on March 23, 2012, which affirmed his judgment of sentence on December 24, 2013. Commonwealth v. Henderson, 93 A.3d 519 (Pa. Super. 2012) (unpublished memorandum). On February 24, 2014, this Court denied [Appellant's] application for reargument en banc. On March 26, 2014, [Appellant] filed a petition for allowance of appeal, which our Supreme Court denied on July 7, 2014. Commonwealth v. Henderson, 95 A.3d 276 (Pa. 2014).

_____

*Retired Senior Judge assigned to the Superior Court.

Commonwealth v. Henderson, 170 A.3d 1233 (Pa. 2017) (unpublished memorandum at 1).

Appellant, through counsel, filed timely his first PCRA petition on July 6, 2015. The PCRA court dismissed his first PCRA petition without a hearing. Appellant appealed, and this Court affirmed the dismissal of his PCRA petition on May 18, 2017.[1] Id. This Court denied Appellant's application for reconsideration or reargument en banc on July 28, 2017. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on February 7, 2018. Commonwealth v. Henderson, 181 A.3d 1071 (Pa. 2018).

On March 7, 2018, Appellant pro se filed the PCRA petition that is the subject of this appeal. The PCRA court appointed counsel to represent Appellant and ordered counsel to file an amended petition. Order, 3/20/2018, at 1. An amended petition was filed on June 18, 2018. The Commonwealth filed a response, contending the petition was filed untimely. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response objecting to the dismissal. On August 30, 2018, the trial court heard argument from

---

[1] For reasons that are not relevant to this appeal, the author of this memorandum dissented from the memorandum affirming the order denying Appellant's first PCRA petition. See id. (unpublished memorandum at 3-4) (Strassburger, J., dissenting).

counsel regarding whether the petition was filed timely. That same day, the PCRA court dismissed the petition as untimely filed.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant presents a layered claim of ineffectiveness of his prior direct appeal and PCRA counsel. See Appellant's Brief at 3, 14-19.

Our first task is to determine whether Appellant's PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. Commonwealth v. Robinson, 12 A.3d 477, 479 (Pa. Super. 2011). Neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa. Super. 2011). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b).[2] "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

---

[2] There are also time restrictions on when a petitioner must file a petition after a time-bar-exception claim has arisen. See 42 Pa.C.S. § 9545(b)(2). On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In Appellant's pro se petition, Appellant contended that his petition was timely filed. He relied upon two exceptions to the PCRA's time-bar: the newly-discovered-fact exception, 42 Pa.C.S. § 9545(b)(1)(ii), and the newly-recognized and retroactively-applicable constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii).[3]

---

[3] These exceptions are set forth in the PCRA as follows.

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

* * *

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

In his amended petition, however, Appellant, through his counsel, abandoned his invocation of the timeliness exceptions. Instead, Appellant claimed that his petition was timely filed because he filed it within one year of July 28, 2017. Amended PCRA Petition, 6/18/2018, at 3-4. According to Appellant, "his final remedy was not exhausted until July 28, 2017, whereupon his judgment [of sentence], therefore, became final." Id. at 9. Appellant maintains this position on appeal. See Appellant's Brief at 9, 11.

The only event occurring on July 28, 2017, was this Court's denial of Appellant's application for reconsideration or reargument en banc of this Court's May 18, 2017 memorandum decision affirming the order dismissing Appellant's first PCRA petition. That denial has no impact upon the timeliness of the filing of Appellant's second PCRA petition, insomuch as even second petitions must be filed within one year of the judgment of sentence becoming final. 42 Pa.C.S. § 9545(b)(1). The statute is explicit that the judgment of sentence becomes final upon the conclusion of direct review or at the expiration of time for seeking direct review. 42 Pa.C.S. § 9545(b)(3). Appellant's judgment of sentence became final in 2014 when the time expired for his seeking direct review before the United States Supreme Court. The fact that Appellant continued to litigate his judgment of sentence on collateral review does not extend the timeframe for filing a second PCRA petition.

This is the case even assuming arguendo that Appellant's prior PCRA counsel rendered ineffective assistance of counsel. "[A] claim for ineffective assistance of counsel does not save an otherwise untimely[-filed] petition for review on the merits." Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 785 (Pa. 2000) (holding that current counsel's review of prior PCRA counsel's representation, and conclusion that prior PCRA counsel rendered ineffective assistance, is not a fact for purposes of the newly-discovered fact exception to the PCRA's time bar). In short, claims of ineffectiveness of counsel must be asserted in a timely-filed petition or the petitioner must otherwise establish an exception to the time bar as set forth at 42 Pa.C.S. § 9545(b)(i)-(iii).

Appellant's attempt to plead exceptions to the time-bar in his pro se petition does not save his claims. First, even assuming arguendo that any of Appellant's originally-pleaded claims survived the court-ordered amendment of his petition,[4] Appellant has not preserved an argument that any of the time-bar exceptions apply. His counsel did not argue the alternative applicability of such exceptions in Appellant's objection to the Rule 907 notice or in counsel's oral argument before the PCRA court prior to dismissal. On appeal, Appellant does not argue that the PCRA court erred by not

---

[4] See Commonwealth v. Renchenski, 52 A.3d 251, 261 (Pa. 2012) (Todd, J., concurring) (noting her view that there is an open question as to "the degree to which, if at all, claims made in an original petition survive the dismissal of an amended petition").

considering the time-bar exceptions set forth in Appellant's pro se petition, nor does he discuss the exceptions in his brief at all. Thus, Appellant has waived any claim that the exceptions apply by not preserving such an argument below and not developing such an argument in his brief.[5] See Commonwealth v. Creary, 201 A.3d 749, 753 (Pa. Super. 2018) (determining argument was waived by failing to present claim to the trial court in the first instance and by failing to develop argument on appeal).

Because Appellant's PCRA petition was untimely filed, and he did not sustain his burden in pleading and proving an exception to the PCRA's time bar, we affirm the dismissal of his petition.

---

[5] Even if Appellant did not waive his arguments regarding the applicability of the time bar, the claims as presented in his pro se petition would merit no relief. To support the newly-discovered fact exception, he averred that upon his reviewing "the procedural history of the brief" in his first collateral appeal on some unspecified date, he realized that our Supreme Court decided Commonwealth v. Walker, 92 A.3d 766 (Pa. 2014) (relating to admissibility of expert testimony regarding eyewitness identification), while his direct appeal was still pending. Pro se PCRA Petition, 3/7/2018, at 3. To support the constitutional right exception, he stated that our Supreme Court recognized a new constitutional right in Walker that was retroactively applicable to him. Id. Appellant's attempt to rely upon Walker to establish the newly-discovered-fact exception in subsection 9545(b)(1)(ii) is unavailing. Judicial decisions are not facts for purposes of subsection 9545(b)(1)(ii), Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011), and Appellant makes no attempt to plead why he could not have ascertained the applicability of Walker sooner. Nor does the constitutional-right exception set forth at subsection 9545(b)(1)(iii) apply. Walker created an evidentiary rule, not a constitutional right, and the Court did not hold the rule to apply retroactively. See Walker, 92 A.3d at 769 (holding that "in Pennsylvania, the admission of expert testimony regarding eyewitness identification is no longer per se impermissible") (emphasis added).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/2019