J-S24041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIAN FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 2423 EDA 2018 |

Appeal from the PCRA Order Entered July 18, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006474-2007

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 11, 2019**

Appellant Julian Fernandez appeals from the order of the Court of Common Pleas of Montgomery County denying his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 as untimely filed. We affirm.

In July 2007, Appellant was placed under arrest after officers executed a search warrant of his residence in Blue Bell, Pennsylvania and discovered baggies containing approximately 4 pounds of marijuana, nine marijuana plants, various assortments of prescription pills, two handguns, $12,164.00 in U.S. currency, scales, packaging materials, and other drug paraphernalia.

After a bench trial, Appellant was convicted of two counts of Possession with Intent to Deliver a Controlled Substance (PWID), possession of a controlled substance, and possession of drug paraphernalia. On November 9, 2009, Appellant was sentenced to five to ten years' imprisonment to be

_____
* Former Justice specially assigned to the Superior Court.

followed by five years' probation. The trial court applied the five-year mandatory minimum sentence provisions set forth in 42 Pa.C.S.A. § 9712.1 (sentences for certain drug offenses committed with firearms). Appellant filed a timely post-sentence motion, which was subsequently denied. On October 12, 2011, this Court affirmed the judgment of sentence and on May 24, 2012, the Supreme Court denied Appellant's petition for allowance of appeal.

On September 24, 2014, Appellant filed his first *pro se* PCRA petition. The PCRA court appointed Appellant counsel, who subsequently filed a no-merit letter and a petition to withdraw pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). On June 11, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and also allowed counsel to withdraw. On October 5, 2015, the PCRA court ultimately denied the petition as untimely filed. On December 30, 2016, this Court affirmed the PCRA court's dismissal of Appellant's petition.

On February 22, 2017, Appellant filed the instant *pro se* petition, suggesting his mandatory minimum sentence was illegal pursuant to **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 2155 (2013). On March 31, 2017, the PCRA court issued notice of its intent to dismiss pursuant to Rule 907. On July 18, 2018, the PCRA court dismissed the instant petition. This timely appeal followed.

As an initial matter, we must determine whether Appellant's PCRA petition is untimely. It is well-established that "the PCRA's timeliness

- 2 -

requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

As noted above, the trial court sentenced Appellant on November 9, 2009, this Court affirmed the judgment of sentence on October 12, 2011, and the Supreme Court denied allowance of appeal on May 24, 2012. Appellant did not seek further review in the Supreme Court of the United States. As a result, Appellant's judgment of sentence became final on August 22, 2012, after the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. *See* U.S. Sup.Ct. R. 13. As such, Appellant

needed to file his PCRA petition by August 22, 2013. As Appellant filed the instant petition on February 22, 2017, this petition is facially untimely.

Appellant continues to attempt to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging his illegal sentence claim is based on a newly recognized constitutional right expressed in *Alleyne*. In that decision, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103, 133 S. Ct. at 2155.

However, our Supreme Court held that *Alleyne* does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings. *Commonwealth v. Washington*, 636 Pa. 301, 316, 142 A.3d 810, 820 (2016). We also emphasize that this Court has also rejected the argument that "that a mandatory sentencing statute rendered illegal by *Alleyne* is void *ab initio* thereby rendering any sentence imposed thereunder invalid." *Commonwealth v. Ciccone*, 152 A.3d 1004, 1007–1008 (Pa.Super. 2016) (*en banc*).

Accordingly, as Appellant failed to plead and prove any of the timeliness exceptions provided in Section 9545, the PCRA court correctly dismissed Appellant's untimely petition, which it had no jurisdiction to review.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/11/2019*