J-S51036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RALPH J. SUNY | : | |
| | : | |
| Appellant | : | No. 1192 EDA 2017 |

Appeal from the PCRA Order March 7, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006915-2003

BEFORE: BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 17, 2017**

Appellant Ralph J. Suny appeals from the order of the Court of Common Pleas of Delaware County dismissing Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely filed. We affirm.

On May 29, 2004, a jury convicted Appellant of Driving Under the Influence of a Controlled Substance (DUI). On September 13, 2004, the trial court sentenced Appellant to six to twenty-four months imprisonment.[2] This Court affirmed the judgment of sentence on June 27, 2005, and the Supreme Court of Pennsylvania denied allowance of appeal on July 6, 2007.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Appellant's sentence in this case was set to run consecutively to sentences on other dockets.

On October 29, 2007, Appellant filed his first PCRA petition, which was dismissed on October 7, 2008. On May 19, 2011, Appellant filed his second PCRA petition, which was dismissed on June 23, 2011. On August 22, 2016, Appellant filed the instant PCRA petition. The PCRA court appointed Appellant counsel, who filed an application to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). On February 13, 2017, the PCRA court filed an order issuing notice of its intent to dismiss the petition without a hearing and expressing agreement with appointed counsel's determination that this PCRA petition was untimely filed. Appellant did not respond to this notice. On March 17, 2017, the PCRA court dismissed Appellant's petition. This timely appeal followed.

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Smallwood**, 155 A.3d 1054, 1059 (Pa.Super. 2017) (citations omitted). As an initial matter, we must determine whether Appellant's PCRA petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted).

Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S.A. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on September 13, 2004, this Court affirmed the judgment of sentence on June 27, 2005, the Supreme Court denied allowance of appeal on July 6, 2007. Appellant did not seek review in the Supreme Court of the United States. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9543(b)(3). Appellant's judgment of sentence became final on October 4, 2007, after the expiration of the ninety-day period in which he was allowed to seek review in the U.S. Supreme Court. *See* U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As such, Appellant

needed to file his PCRA petition by October 4, 2008. Appellant filed the instant petition on August 22, 2016, nearly eight years past the deadline.

Appellant claims that he is entitled to the application of the newly recognized constitutional right timeliness exception in Section 9545(b)(1)(iii) based on the recent decision of the United States Supreme Court in **Birchfield v. North Dakota**, ---U.S.---, 136 S.Ct. 2160 (2016). In **Birchfield**, the High Court concluded that the search-incident-to-arrest exception to the warrant requirement did not justify warrantless blood testing of individuals arrested on DUI charges. In addition, the High Court emphasized that "motorists cannot be deemed to have consented to a blood test on pain of committing a criminal offense." **Id**. at 2185-86.

Appellant claims he was subjected to an unreasonable search in violation of the Fourth Amendment and the holding in **Birchfield** when he was forced to submit to a warrantless blood test incident to his lawful arrest for DUI charges. However, Appellant cannot rely on **Birchfield** to invoke the newly recognized constitutional right timeliness exception, which only applies if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Our Supreme Court has noted that the statutory phrase "has been held" is in the past tense and thus provided the following:

These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 226, 812 A.2d 497, 501 (2002).

Even assuming *arguendo* that **Birchfield** did announce a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that **Birchfield** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. Accordingly, as Appellant failed to prove an applicable exception to the PCRA timeliness requirements, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017

- 5 -