J-S82034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY MICHAEL ROSE | : | |
| Appellant | : | No. 929 WDA 2017 |

Appeal from the PCRA Order June 19, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017880-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY MICHAEL ROSE | : | |
| Appellant | : | No. 946 WDA 2017 |

Appeal from the PCRA Order June 22, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017880-2008

BEFORE: BENDER, P.J.E., STEVENS, P.J.E.*, and STRASSBURGER, J.**

MEMORANDUM BY STRASSBURGER, J.:            **FILED MARCH 15, 2018**

Anthony Michael Rose (Appellant) appeals from orders entered on June

19, 2017, and June 22, 2017, denying his petition filed pursuant to the

_____
* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm, albeit on a different basis from the PCRA court.[1]

We begin with the PCRA court's factual summary adopted by this Court in Appellant's appeal from the denial of his first PCRA petition.

> On August 25, 2008, at approximately 5:15 a.m., Doris Goldston, who runs a daycare out of her home, answered the bell at the back door of her home. She testified that [] Appellant identified himself as a police officer. He wore a shirt with the word "[s]ecurity" written on the chest and he was wearing a badge.[1] Ms. Goldston was suspicious and asked him his name and where his partner was. At that point, Appellant ran out the back door from which he had entered.
>
> _____
>
> [1] Several of these shirts with "[s]ecurity" imprinted upon them were subsequently recovered from Appellant's residence. A silver gun clip was also recovered from Appellant's place of residence.
>
> On August 28, 2008, Appellant again went to the home of Ms. Goldston. He was in the same attire and asked her to let him in. She denied him entry, and Appellant left when Ms. Goldston threatened to call the police.
>
> Appellant a third time went to Ms. Goldston's residence, this time on October 8, 2008. He wore the same black shirt with "security" across it and a badge in the right [corner] of the shirt. Appellant forced his way into the house, pointed a gun at Ms. Goldston, and said, "somebody is dying today." He asked her "where's the money?" He dragged her around and held a gun to her neck for approximately ten to fifteen minutes. After kicking him in the groin, she was eventually able to activate the security alarm, causing him to throw her to the floor and run out of the building.

_____

[1] This Court may affirm a PCRA court's decision "if there is any basis to support it, even if we rely on different grounds to affirm." **Commonwealth v. Williams**, 35 A.3d 44, 47 (Pa. Super. 2011).

Wallace Goldston, Ms. Goldston's fourteen-year-old grandson who resides with her, also testified that Appellant was in Ms. Goldston's home on October 8, 2008. He testified that Appellant pointed a silver gun in his direction and said, "Don't look at me." He also said Appellant was wearing a shirt with the word "[s]ecurity" on it with a badge on the shirt. Mr. Goldston said he was scared and he feared for both his grandmother and for himself.

*Commonwealth v. Rose*, 82 A.3d 1065 (Pa. Super. 2013) (unpublished memorandum) (citations omitted).

Based on the incidents described above, a jury convicted Appellant of one count of burglary and two counts of robbery - serious bodily injury. On June 24, 2009, Appellant was sentenced to an aggregate term of 140 to 280 months' imprisonment. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on July 12, 2011. *Commonwealth v. Rose*, 24 A.3d 445 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 362 (Pa. 2011).

Appellant timely filed his first PCRA petition in 2011. The PCRA court dismissed the petition without a hearing on July 12, 2012. This Court affirmed the dismissal on July 15, 2013, and our Supreme Court denied Appellant's petition for allowance of appeal on November 19, 2013. *Commonwealth v. Rose*, 82 A.3d 1065 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 80 A.3d 776 (Pa. 2013).

On December 23, 2014, Appellant filed a *habeas corpus* petition. The PCRA court treated the *habeas corpus* petition as an untimely-filed PCRA petition, and dismissed it without a hearing on March 27, 2015. Appellant,

through his privately-retained counsel Eric A. Jobe, Esquire, filed a notice of appeal on April 27, 2015. The appeal was docketed at 659 WDA 2015. On January 29, 2016, this Court dismissed the appeal due to Attorney Jobe's failure to file a brief.

On September 27, 2016, Appellant filed *pro se* the PCRA petition that is the subject of this appeal. In the petition, *inter alia*, he averred that Attorney Jobe was ineffective for failing to file a brief at 659 WDA 2015 and sought, *inter alia*, reinstatement of his right to appeal the March 24, 2015 denial of PCRA relief. On September 29, 2016, the PCRA court set a deadline for amendment of Appellant's petition and appointed counsel on Appellant's behalf.

After obtaining an extension of time to amend Appellant's petition, Appellant's counsel filed an amended petition on December 29, 2016. The amended petition alleged that Appellant was entitled to a new trial based upon after-discovered evidence. Specifically, Appellant claimed that a fellow inmate, Devele Reid, claimed responsibility for the commission of the offenses of which Appellant was convicted. PCRA Petition, 12/29/2016, at ¶¶ 14-16. Appellant acknowledged that on its face his petition was untimely filed,[2] but

_____

[2] "For purposes of [the PCRA], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's judgment of sentence became final on October 10, 2011, and he had one year, or until October 10, 2012, to file timely a PCRA petition.

- 4 -

asserted the applicability of the newly-discovered fact time-bar exception. *Id.* at ¶ 17. *See* 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."). Appellant averred that he became aware of Reid's acknowledgement of responsibility while his prior PCRA appeal was pending. PCRA Petition, 12/29/2016, at ¶ 17. He further averred that he did not learn that this Court had dismissed his appeal at 659 WDA 2015 until on or after August 3, 2016, because Attorney Jobe had abandoned him. *Id.*

Appellant attached two affidavits from Reid to his petition. *See id.* at Exhibit A-2, A-15. In the July 6, 2015 affidavit, Reid stated that he met Appellant while incarcerated at SCI Fayette in July 2015, and after learning the details of the crimes for which Appellant was convicted, Reid confessed to Appellant that Reid was actually the one who committed such crimes. *Id.* at Exhibit A-2. In the September 30, 2016 affidavit, Reid elaborated on his participation in the crimes for which Appellant was convicted. *Id.* at Exhibit A-15.

On January 17, 2017, the PCRA court issued an order granting Appellant's petition and reinstating his appellate rights.[3] Order, 1/17/2017. On January 25, 2017, Appellant filed a motion for reconsideration, clarifying that he was no longer seeking reinstatement of appellate rights based upon Attorney Jobe's ineffective assistance of counsel because it would prevent his after-discovered evidence claim from being considered,[4] and requesting that the court review the after-discovered evidence claim on the merits. The next day, the PCRA court granted Appellant's motion for reconsideration and vacated its January 17, 2017 order.[5]

The PCRA court conducted a hearing on Appellant's petition on June 13, 2017. Following the hearing, the PCRA court issued an order on June 19, 2017, indicating that it was dismissing Appellant's petition as untimely filed

---

[3] The order also purported to reinstate Appellant's post-sentence rights, which Appellant had requested in his *pro se* petition along with his request for reinstatement of his appellate rights. It is unclear why the PCRA court granted this request, as Appellant averred that counsel did not abandon him until after his appeal was filed.

[4] A PCRA claim arising while a PCRA appeal is pending cannot be raised until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review, and the claim must be raised in a subsequent PCRA proceeding commended within 60 days after the conclusion of the pending appeal. *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000).

[5] Appellant had filed a notice of appeal following the reinstatement of his appellate rights, but withdrew it after the PCRA court vacated its January 17, 2017 order.

because he did not meet what the court referred to as the "after-discovered evidence timeliness requirement."[6] Order, 6/19/2017. The PCRA court issued an amended order three days later, clarifying that it was dismissing Appellant's petition because it was untimely filed and Appellant failed to establish the newly-discovered fact exception to the time bar pursuant to subsection 9545(b)(1)(ii).

Appellant timely filed one notice of appeal from the June 19, 2017 and June 22, 2017 orders, and this Court docketed separate appeals from each order. Following Appellant's application for consolidation, this Court consolidated both appeals. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant sets forth two issues on appeal.

1. Whether the [PCRA court] erred in determining [Appellant's] PCRA [petition] was untimely [filed] with respect to [his] after-discovered evidence claim?

2. Whether [Appellant] is entitled to a new trial based upon the after-discovered evidence of Develle Reid who claims responsibility for the commission of the offenses of which [Appellant] was convicted in this matter?

Appellant's Brief at 3 (PCRA court's answers omitted).

We begin our review by noting the relevant legal principles. "This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error." ***Commonwealth v. Weatherill***, 24 A.3d

---

[6] As discussed *infra*, this terminology is incorrect.

435, 438 (Pa. Super. 2011). Before a court may consider the merits of a petition, the court must determine whether the petition was filed timely, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011) (quoting ***Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1267–68 (Pa. 2008) ("[O]ur Supreme Court has stressed that '[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.'")).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). The statutory exception relevant to this appeal is the newly-discovered fact exception which requires proof that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

There is no dispute that Appellant's September 27, 2016 PCRA petition is facially untimely, as he had until October 10, 2012 to file a timely PCRA petition. Thus, the dispute centers upon whether Appellant established the newly-discovered fact exception in his petition.

Appellant argues he learned that Reid admitted to confessing the crimes in May 2015, which was a newly-discovered fact he could not have ascertained any earlier by the exercise of due diligence. Appellant's Brief at 17-18. According to Appellant, he met Reid while the two were incarcerated at SCI Fayette, and Reid told Appellant that Reid was the one who actually committed the crimes for which Appellant was convicted. *Id.*

Appellant contends he was unable to file his petition within 60 days of learning about Reid's admission because the appeal of the denial of his second PCRA petition still was pending. *Id.* at 18-19. Appellant directs our attention to *Lark*, in which our Supreme Court held that a claim arising while a PCRA appeal is pending must be raised in a subsequent PCRA proceeding commenced within 60 days after conclusion of the pending appeal. 746 A.2d at 588. Although the appeal at 659 WDA 2015 was dismissed in January 2016, Appellant argues that he was still unable to file the claim within 60 days of the dismissal because his counsel abandoned him and did not notify him that the appeal had been dismissed due to counsel's failure to file a brief. *Id.* 19-23. Appellant claims that after he told his counsel about Reid's confession, his counsel told him in June 2016 that they were in a "waiting game" for the PCRA court to issue its opinion and then for the Superior Court to issue a briefing schedule. *Id.* After not being able to get in touch with counsel for an extended period of time, Appellant states that he wrote to this Court in July 2016 to determine the status of his appeal, and after learning on or about August 1,

2016, that this Court had dismissed his appeal, he filed a PCRA petition on September 29, 2016. *Id.* Thus, Appellant asserts that he filed his claim within 60 days of the date when the claim could have been presented in satisfaction of subsection 9545(b)(2). *Id.*

The PCRA court's first order dismissing the petition, issued on June 19, 2017, indicated that Appellant failed to establish the "after-discovered evidence timeliness requirement" because the testimony of Reid was neither credible nor persuasive and the "evidence was not of such a nature and character that a different outcome was likely." Order, 6/19/2017.

Our Supreme Court has instructed courts to refer to the time-bar exception at subsection 9545(b)(1)(ii) as the newly-discovered fact exception to avoid confusing the exception with the after-discovered evidence eligibility-for-relief provision set forth in subsection 9543(a)(2). *Commonwealth v. Burton*, 158 A.3d 618, 628–29 (Pa. 2017). Our Supreme Court has explained the difference between the two as follows.

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Id.* at 629. ***See also Commonwealth v. Brown***, 111 A.3d 171, 178 (Pa. Super. 2015) ("The substantive merits-based analysis [of the after-discovered evidence claim] is more stringent than the analysis required by the 'new facts' exception to establish jurisdiction."). When determining whether a petitioner established a newly-discovered fact exception at subsection 9545(b)(1)(ii), the PCRA court is not required to conduct a merits analysis of an underlying after-discovered-evidence claim. *Id.* at 177. Thus, because the two analyses are distinct, a petition may invoke jurisdiction via the newly-discovered fact exception but fail on the merits of the underlying after-discovered evidence claim.

Here, in addition to using the wrong nomenclature, it is clear that the PCRA court improperly conflated the analysis for the newly-discovered fact exception with the analysis for the after-discovered evidence eligibility-for-relief provision. Specifically, instead of examining whether Appellant pled and proved facts that were unknown to him and could not have been ascertained by the exercise of due diligence, the PCRA court incorrectly grafted an additional requirement of proving that the newly-discovered fact would change the outcome.

The PCRA court attempted to rectify its error when it issued its amended order three days later. This time, the PCRA court stated it was dismissing the petition because Appellant failed to meet "his evidentiary burden under the one-year time limitation set forth in § 9545(b)(1)(ii) in order to invoke the

[PCRA court's] jurisdiction." Order, 6/22/2017. The court stated that it did not find Reid's testimony to be credible "as to the date that his testimony was first discovered," but did not specify why or discuss whether it found Appellant's testimony that he learned about Reid's confession on a different date to be credible.[7] *Id.* The court also concluded that even if Appellant's petition was timely filed, Appellant "failed to raise a cognizable claim under 42 Pa.C.S. § 9543 (a)(2)(vi)," because Reid's testimony was neither credible nor persuasive and a different outcome at trial was not likely. *Id.*

In its Rule 1925(a) opinion, the PCRA court explained at length why it did not find Reid's testimony to be credible. PCRA Court Opinion, 9/28/2017, at 5-7. However, it again appears that the PCRA court conflated the analysis for the newly-discovered fact exception with the analysis for the after-discovered evidence eligibility-for-relief provision. Most of the reasons stated by the PCRA court relate to the merits of whether Reid's testimony constitutes exculpatory evidence that would likely compel a different verdict, not to whether Appellant pled and proved a newly-discovered fact that was unknown to him and could not have been ascertained by the exercise of due diligence. The PCRA court focused on inconsistencies between the details of Reid's two affidavits, Reid's motives for confessing, the inconsistencies between Reid's

---

[7] Appellant testified that Reid confessed to him in May 2015, whereas Reid testified that he confessed to Appellant in June 2015. Reid gave a different date in his July 5, 2015 affidavit; there, he stated that he confessed to Appellant in July 2015.

account of the crimes and the victim's, and Reid's inability to identify the victim at the PCRA hearing. *Id.* These issues with Reid's testimony do not relate to whether Reid's confession was a newly-discovered fact unknown to Appellant. Thus, the PCRA court erred by considering the merits of Appellant's after-discovered evidence claim for relief in its analysis of whether Appellant's petition qualified for a timeliness exception pursuant to the newly-discovered fact exception set forth at subsection 9545(b)(1)(ii).

Notwithstanding the PCRA court's error, we affirm the orders dismissing Appellant's petition. Even if we were to assume *arguendo* that Appellant satisfied the newly-discovered fact time-bar exception at subsection 9545(b)(1)(ii) and the 60-day filing requirement at subsection 9545(b)(2), Appellant clearly failed to prove the merits of his after-discovered evidence claim for relief. As the PCRA court points out, the victim identified Appellant multiple times and had no doubt about his identity as her assailant. PCRA Court Opinion, 9/28/2017, at 7. Moreover, the t-shirt matching the description of the t-shirt worn by the assailant was recovered from Appellant's home. *Id.* Given the multiple inconsistencies between Reid's statements in his testimony and his affidavits and the other evidence establishing Appellant's identity as the perpetrator, the PCRA court did not err in holding that Appellant failed to prove that Reid's confession "would likely compel a different verdict" as required by subsection 9543(a)(2)(vi).

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2018