J-S20038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RODNEY ALIAN WILLIAMS, II | : | |
| | : | |
| Appellant | : | No. 1463 MDA 2017 |

Appeal from the PCRA Order August 21, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0006840-2009

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MAY 30, 2018**

Appellant, Rodney Alian Williams, II, appeals *pro se* from the order entered in the York County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On September 9, 2010, a jury convicted Appellant of multiple sex offenses against minors.  The court sentenced Appellant on February 1, 2011, to an aggregate 20 to 40 years' incarceration. This Court affirmed on July 24, 2012.  **See Commonwealth v. Williams**, 55 A.3d 145 (Pa.Super. 2012).  Appellant sought no further direct review, so the judgment of sentence became final on August 23, 2012.  Since that time, Appellant has filed several unsuccessful PCRA petitions; he filed his current petition on January 24, 2017.  In response to the court's notice of intent to dismiss, per Pa.R.Crim.P. 907, Appellant filed what he called another PCRA

petition on March 3, 2017. At a PCRA hearing on August 22, 2017, the court granted the Commonwealth's motion to dismiss as untimely Appellant's requests for collateral relief. Appellant timely filed a notice of appeal on September 21, 2017, and a court-ordered concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b), on October 20, 2017.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment became final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the judgment of sentence became final on August 23, 2012, upon expiration of the 30 days to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113; 42 Pa.C.S.A. § 9545(b)(3). Appellant filed the current petition on January 24, 2017, which is patently untimely by over three years. *See* 42 Pa.C.S.A. § 9545(b)(1). In it, Appellant asserts claims of ineffective assistance of prior PCRA counsel and seeks relief from his mandatory minimum sentences. As presented, Appellant's ineffective assistance of prior counsel claims do not meet an exception to the PCRA time

bar. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000) (stating generic allegations of ineffective assistance of counsel, even if cast in the language of a statutory exception, do not generally establish jurisdiction over otherwise untimely PCRA petition). Likewise, Appellant's complaints about his mandatory minimum sentences do not satisfy an exception to the PCRA time bar, under *Alleyne v. U.S.*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (decided June 17, 2013) or its progeny. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that neither our Supreme Court nor U.S. Supreme Court has held *Alleyne* applies retroactively, which is fatal to petitioner's attempt to satisfy "new constitutional right" exception to PCRA timeliness requirements). *See also Commonwealth v. Washington*, 636 Pa. 301, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge sentences which became final before *Alleyne* was decided). Also, Appellant's current petition was not filed within the separate 60-day deadline to assert the statutory exceptions. *See Commonwealth v. Leggett*, 16 A.3d 1144 (Pa.Super. 2011) (holding 60-day deadline runs from date of underlying judicial decision). Appellant's claims fail to satisfy the statutory exceptions to the PCRA time bar, so his current petition remains time barred. Thus, the PCRA court lacked jurisdiction to review the petition and properly dismissed it as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/30/18</u>