J-S47038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JOSHUA MICHAEL NOVAK, :
:
Appellant : No. 201 WDA 2018

Appeal from the PCRA Order January 9, 2018
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001557-2013

BEFORE: OLSON, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 06, 2018**

Joshua Michael Novak (Appellant) appeals from the January 9, 2018 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court provided the following background.

> On July 28[], 2004, [Appellant] pled guilty to and was sentenced on criminal attempt to commit involuntary deviate sexual intercourse in Schuylkill County, Pennsylvania. As a result of Appellant's conviction of said offense, Appellant was required to register as a sexual offender for his lifetime pursuant to Megan's Law.
>
> On June 20[], 2013, the District Attorney's Office of Erie County filed a criminal information, charging Appellant with failure to comply with registration requirements-verify address or be photographed under 18 Pa.C.S. § 4915.1(a)(2). Following a criminal jury trial on November 21[], 2013, the jury found Appellant guilty…. On December 31[], 2013, Judge Ernest J. DiSantis Jr. sentenced Appellant to [36] to [72] months of incarceration, with [240] days of credit for time served.

_____

* Retired Senior Judge assigned to the Superior Court.

On October 30[], 2014, Appellant, *pro se*, filed his first PCRA petition. By order dated October 31[], 2014, Judge DiSantis appointed William J. Hathaway, Esq., as Appellant's counsel and directed Attorney Hathaway to supplement or amend Appellant's *pro se* PCRA petition within thirty days. Attorney Hathaway filed a supplement to Appellant's first PCRA petition on December 12[], 2014. Judge DiSantis scheduled an evidentiary hearing on January 26[], 2015. At said hearing, Appellant made an oral motion to withdraw his first PCRA petition, which Judge DiSantis granted.

\*\*\*

Appellant, *pro se*, filed the instant PCRA petition on August 9[], 2017, which th[e PCRA] court [considered] as Appellant's proper second PCRA petition. By order dated August 16[], 2017, th[e PCRA] court appointed and directed Attorney Hathaway to supplement or amend Appellant's second PCRA petition within thirty days. Attorney Hathaway filed a supplement to motion for [PCRA] relief on September 13[], 2017. By order dated September 13[], 2017, th[e PCRA] court directed the Commonwealth to respond … within thirty days. The Commonwealth… filed the Commonwealth's response … on October 20[], 2017.

On December 12[], 2017, th[e PCRA] court issued a notice to Appellant of th[e PCRA] court's intention to dismiss Appellant's second PCRA petition, [pursuant to Pa.R.Crim.P. 907, because it] was patently untimely under the [PCRA]. Said notice further advised Appellant of his right to file objections to said proposed dismissal within twenty days of the date said notice was issued. However, Appellant did not file any objections to th[e PCRA] court's notice of intent to dismiss Appellant's second PCRA petition. Thus, by order dated January 8[], 2018, th[e PCRA] court dismissed Appellant's second PCRA petition since Appellant failed to allege and prove that his petition satisfied one of the three exceptions under 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

PCRA Court Opinion, 3/16/2018, at 1-3 (unnecessary capitalization and citations omitted).

This timely-filed appeal followed.[1] On appeal, Appellant raises two issues for our review: (1) whether the PCRA court erred in failing to grant collateral relief under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017);[2] and (2) whether the PCRA court erred in finding that the PCRA petition was filed untimely. Appellant's Brief at 2. Before reaching the merits of Appellant's claims, we must first consider whether Appellant has filed timely his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.

---

[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

[2] In *Muniz*, our Supreme Court held that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution.

§ 9545(b)(3). Here, Appellant was sentenced on December 31, 2013. He did not file a direct appeal. Thus, his judgment of sentence became final 30 days later, on January 30, 2014, and he had one year, or until January 30, 2015, to file timely a PCRA petition. Thus, Appellant's August 9, 2017 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

In his *pro se* petition, Appellant attempts to plead all three exceptions[3] by invoking **Muniz**. Appellant's PCRA Petition, 8/9/2017, at ¶¶ 14-18. While Appellant attempts to invoke all three exceptions, his **Muniz** argument

---

[3] The PCRA provides the following three exceptions to its timeliness requirements.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 4 -

is not appropriate as to the first two exceptions (governmental interference and newly-discovered facts), but could potentially support the third exception (new retroactive right). This Court considered whether **Muniz** applies under similar circumstances to establish the third timeliness exception in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018). In that case, Murphy was convicted of a number of sex-related crimes in 2007, and after review, his judgment of sentence became final on July 28, 2009. On October 18, 2017, while a serial PCRA petition was pending in this Court, Murphy filed a motion asserting that **Muniz** rendered portions of his sentence unconstitutional. This Court considered that argument and offered the following.

> Here, we acknowledge that **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera–Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in **Rivera–Figueroa**), he must demonstrate that the **Pennsylvania Supreme Court** has held that **Muniz** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on **Muniz** to meet th[e third] timeliness exception.

**Murphy**, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in **Muniz** does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that **Muniz** applies retroactively, Murphy can then file a PCRA

petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception in [sub]section 9545(b)(1)(iii)." ***Murphy***, 180 A.3d at 406 n.1. The same holds true for Appellant.

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not asserted an exception to the timeliness requirements. Thus, he is not entitled to relief. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/2018