J-S56035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN DEWAYNE GOODSON, | : | |
| | : | |
| Appellant | : | No. 487 MDA 2018 |

Appeal from the PCRA Order February 16, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0006103-2015

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 12, 2018**

Nathan Dewayne Goodson ("Goodson") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On March 2, 2016, Goodson pled guilty to failure to register as a sex offender, as required under Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"),[2] in exchange for a sentence of three and one-half to seven years in prison.  Goodson filed no direct appeal from his judgment of sentence.

On September 26, 2017, Goodson filed the within Petition, asserting that pursuant to our Supreme Court's decision in **Commonwealth v. Muniz**,

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. §§ 9799.10-9799.41

164 A.3d 1189 (Pa. 2017), retroactive application of SORNA to his conviction violated the *ex post facto* clauses of the Pennsylvania and United States Constitutions. After a hearing, the PCRA court dismissed Goodson's Petition as untimely filed. Goodson subsequently filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Goodson presents the following claim for our review:

> Whether Act 10 of 2018 can be applied against [] Goodson where the applicable portion, Subchapter I, is punitive and therefore cannot be imposed retroactively under the reasoning of [] **Muniz**, leaving [Goodson] with no duty to register as a sex offender; and whether, in the alternative, Subchapter I requires only a ten-year period of registration[?]

Brief for Appellant at 4.

In reviewing an order denying PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Before addressing Goodson's claim, we first must ascertain whether Goodson timely filed his PCRA Petition. "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011) (citation omitted).

Any PCRA petition must be filed within one year of the date that the defendant's judgment of sentence becomes final. *Id.* at 1146. "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In the instant case, Goodson filed no direct appeal of his March 2, 2016 judgment of sentence. As a result, his sentence became final 30 days later, on April 1, 2016. *See* Pa.R.A.P. 903(a). Under the PCRA's timeliness provision, Goodson was required to file any petition for relief on or before Monday, April 3, 2017.[3] Goodson did not file the instant PCRA Petition until September 26, 2017. Thus, Goodson's PCRA Petition is facially untimely.

The PCRA's jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). However, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The PCRA petitioner bears the burden of proving the

---

[3] *See* 1 Pa.C.S.A. § 1908 (stating that "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

applicability of one of the exceptions. ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

The Pennsylvania Supreme Court filed its decision in ***Muniz*** on July 19, 2017. Thus, Goodson was required to file his PCRA petition, based upon the Supreme Court's decision in ***Muniz***, on or before Monday, September 17, 2017.[4] Goodson filed the instant Petition on September 26, 2017. Consequently, Goodson cannot invoke a timeliness exception based upon the decision in ***Muniz***. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Even if Goodson had filed his Petition within 60 days of the Supreme Court's decision in ***Muniz***, he has failed to plead and prove the newly-recognized constitutional right exception set forth at subsection (iii). As our Supreme Court has explained, the exception set forth at subsection (iii) has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively**. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

---

[4] The 60th day fell on Sunday, September 16, 2017. Therefore, Goodson was required to file his Petition by Monday, September 17, 2017. ***See*** 1 Pa.C.S.A. § 1908.

***Spotz***, 171 A.3d at 679 (citation omitted, emphasis added).

This Court has previously recognized that "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Goodson's PCRA Petition is facially untimely (unlike the timely filed first petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy Section 9545(b)(1)(iii). ***See Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018) (recognizing that to invoke the timeliness exception at subsection (iii), the petitioner must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively). To date, the Pennsylvania Supreme Court has not expressly held that ***Muniz*** applies retroactively. Consequently, Goodson cannot rely on ***Muniz*** to meet that timeliness exception.[5] ***See id.***

Because Goodson failed to timely file his PCRA Petition, and because he has not demonstrated an exception to the PCRA's timeliness requirement, we affirm the Order of the PCRA court.

---

[5] Should the Pennsylvania Supreme Court expressly hold that ***Muniz*** applies retroactively, Goodson may again petition for PCRA relief within 60 days of that decision.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/12/2018