J-S68035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JESSE RAY SHELTON | : | |
| | : | |
| Appellant | : | No. 941 WDA 2019 |

Appeal from the PCRA Order Entered May 28, 2019
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000781-2016

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.*

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED JANUARY 17, 2020**

Appellant, Jesse Ray Shelton, appeals from the order entered in the Lawrence County Court of Common Pleas, which dismissed as untimely his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On January 13, 2017, Appellant entered a negotiated guilty plea to failure to register.  The court sentenced Appellant on January 30, 2017, to the negotiated 15 to 30 months' imprisonment, plus one year of probation.  Appellant did not appeal.  On March 12, 2019, Appellant filed a counseled "motion to vacate sentence," which the court treated as a first PCRA petition.  The court held a PCRA hearing on March 22, 2019, and dismissed the petition as untimely on May 28, 2019.  On June 24, 2019,

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a counseled notice of appeal. The next day, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied on July 2, 2019.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

Instantly, Appellant's judgment of sentence became final on March 1, 2017, upon expiration of the time to file a notice of appeal in the Superior Court. **See** Pa.R.A.P. 903(a) (allowing 30 days to file notice of appeal in Superior Court). Appellant filed his petition on March 12, 2019, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant tries to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), relying on **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) (holding requirements

of Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment; SORNA is unconstitutional *ex post facto* law when applied retroactively to those sex offenders convicted of applicable crimes before SORNA's effective date and subjected to increased registration requirements under SORNA after its passage).  Nevertheless, Appellant did not file his PCRA petition within 60 days of *Muniz*, decided on July 19, 2017. *See* 42 Pa.C.S.A. § 9545(b)(2) (providing statutory window in which PCRA petitioner must assert time-bar exception);[1] *Commonwealth v. Leggett*, 16 A.3d 1144 (Pa.Super. 2011) (holding statutory window to invoke new constitutional right exception began to run on date of judicial decision establishing alleged new constitutional right, and not on day when decision became available to petitioner in prison law library; prisoner's ignorance of law does not excuse his failure to file PCRA petition within 60 days of judicial decision on which he relies; neither court nor correctional system is obliged to educate or update prisoners concerning changes in case law).[2]  Further,

_____

[1] Section 9545(b)(2) now allows that any PCRA petition invoking a time-bar exception must be filed within **one year** of the date the claim first could have been presented.  *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018.  This amendment applies to claims arising on or after December 24, 2017.  Because our Supreme Court decided *Muniz* on July 19, 2017, the amendment does not apply here.  Moreover, even if the amendment applied, Appellant filed the current petition more than one year after *Muniz*.

[2] In *Commonwealth v. Burton*, 121 A.3d 1063 (Pa.Super. 2015) (*en banc*), *aff'd*, 638 Pa. 687, 158 A.3d 618 (2017), this Court held that Pennsylvania courts shall no longer apply a public record presumption to *pro se* incarcerated

Appellant has not established that **Muniz** applies retroactively to **untimely** PCRA petitions. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii); **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, 195 A.3d 559 (2018) (holding petitioner cannot rely on **Muniz** to meet timeliness exception under Section 9545(b)(1)(iii) until U.S. Supreme Court or Pennsylvania Supreme Court holds that **Muniz** is retroactive in untimely PCRA petitions). Thus, Appellant's PCRA petition remains untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2020

---

PCRA petitioners asserting the "newly-discovered facts" time-bar exception at Section 9545(b)(1)(ii). **Burton** does **not** apply to the "new constitutional right" exception, so Appellant's reliance on **Burton** is misplaced.